**PARDALIS & NOHAVICKA, LLP**
— ATTORNEYS —

August 4, 2025

**VIA ECF**
Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21A.
New York, NY 10007-1312

> Re:    *The Carnegie Hall Corporation v. Carnegie Hospitality LLC et al.*; 25-cv-04224-NRB

Dear Respected District Judge Buchwald:

We represent all of the Defendants in the above-captioned action and respectfully request a pre-motion conference pursuant to Rule 2(B) of Your Honor's Individual Practices in connection with Defendants' anticipated motion, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) to dismiss the Complaint. In its sweeping Complaint, Plaintiff broadly asserts fifteen (15) trademark related causes of action under federal and state laws, ostensibly based on Defendants' operation of or association with the "Carnegie Diner & Café" brand of restaurants that Plaintiff alleges infringes on its "Carnegie Hall" marks. This letter provides an overview of Defendants' arguments in support of dismissal, and formally requests that the Court schedule a pre-motion conference or set a briefing schedule.

### Plaintiff's Trademark Related Claims Are Legally Deficient.

Defendants' use of the "Carnegie Diner & Café" mark is based on a valid federal registration on the Principal Register in connection with restaurant services. (Ex. A). This registration carries the force of constructive notice, prima facie evidence of validity, and an exclusive right to use the mark in commerce for the registered services. *Matal v. Tam*, 582 U.S. 218 (2017), *citing,* 15 U.S.C. §§ 1057(b), 1065, 1072, 1115(b). Notably, Plaintiff did not oppose Defendants' application during the USPTO opposition period, nor did the USPTO find any conflict between the parties' marks. Plaintiff well knew about Defendants' mark since Carnegie Diner & Café is across the street from Carnegie Hall. Only recently—more than four years later—did Plaintiff begin raising objections. Nothing in the record suggests that the registered "Carnegie Diner & Café" mark is inherently infringing or likely to cause confusion. Critically, Plaintiff does not and can not colorably allege that Defendants are using the registered "Carnegie Diner & Café" mark in connection with concerts, music, or educational services—the industries in which Plaintiff operates. Defendants' use of the "Carnegie Diner & Café" mark in connection with their restaurants is lawful. Indeed, nobody goes to the Defendants' restaurants anticipating service of a hamburger in a grand concert hall. Yet, Plaintiff impermissibly seeks to override Defendants' presumptive statutory rights through conclusory allegations of implied affiliation and aesthetic similarity.

Plaintiff has no registered rights in the restaurant industry. Moreover, Plaintiff cannot prevent another business from using the word "Carnegie" in connection with unrelated goods or services.

"Carnegie" is a common term—originating as a surname—and is widely used across industries, including by numerous businesses located near Plaintiff's venue, such as, by way of example only, Carnegie Pizza, The Carnegie Club, The Carnegie Hotel, and the Carnegie House. Plaintiff does not—and cannot—claim exclusivity over the word "Carnegie" - particularly in an industry that it does not have registered rights and has never before maintained a significant presence. That the word "Carnegie" exists in both parties' registered trademarks does not automatically create a claim for trademark infringement, especially where the parties operate in entirely distinct sectors and have no competitive relationship.

While Plaintiff vaguely asserts that "both Carnegie Hall's exterior and interior are integral to its brand and widely recognized as associated with the CARNEGIE HALL Marks," (Cplt. ¶24) it fails to allege any facts showing that the building or auditorium—as visual features—qualify as trademarks. Plaintiff's allegations regarding Defendants' decorative use of imagery depicting the interior or exterior of the building Plaintiff leases —such as auditorium murals—fail to state a claim for trademark infringement under the Lanham Act. Plaintiff does not allege that Defendants used the name "Carnegie Hall" in connection with these visuals and the murals depicting the interior and exterior of Carnegie Hall do not make any reference to the "Carnegie Hall" marks. Plaintiff does not explicitly assert that the imagery itself functions as a trademark. Moreover, Plaintiff has not registered the appearance of the building or auditorium, nor does it plead facts demonstrating that these elements function as trademarks under the Lanham Act. Simply alleging that consumers associate the building with Plaintiff is not enough as buildings serve as physical structures, not inherently as source identifiers. On the law, a plaintiff must show that the claimed trade dress is either inherently distinctive or has acquired distinctiveness through secondary meaning. *Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763, 769 (1992). Neither are present, nor does Plaintiff alleges either. Without distinctiveness and source identification, the Lanham Act is inapplicable. And accordingly Plaintiff's claims fail.

To the extent Plaintiff attempts to assert a trade dress claim, it too fails. The Complaint makes only vague and conclusory references to a putative "trade dress" without identifying any specific, protectable configuration or consistent set of design elements. It is well-settled that to plead a claim of trade dress infringement involving the appearance of a product or environment, a plaintiff must allege that: (1) the claimed trade dress is non-functional, (2) the trade dress has secondary meaning, and (3) there is a likelihood of confusion between the parties' goods or services. *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 115–16 (2d Cir. 2001). A plaintiff must also articulate a "precise expression of the character and scope of the claimed trade dress." *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997). Importantly, courts must be cautious in extending protection to vague or aesthetic features without clear distinctiveness or source-identifying function. *Wal-Mart Stores, Inc. v. Samara Bros., Inc*., 529 U.S. 205, 210 (2000). *See also Two Pesos*, 505 U.S. at 768. None of these elements are pleaded in the Complaint, which also fails to identify what the alleged trade dress is. Plaintiff's vague references to decor, murals, and ambiance, without articulating the character, scope, or elements of alleged trade dress is legally insufficient.

Critically, Plaintiff also omits reference to the high-resolution version of the photograph of its auditorium that it provided to Carnegie Diner & Cafe and the permission it provided to display that imagery—facts that undercut any claim of "outright theft." Plaintiff's own employees dined at Defendants' 57th Street location on multiple occasions, in plain view of the decor now complained of, further confirming their awareness and implicit approval.

Plaintiff also fails to state a claim for infringement based on Defendants' alleged use of the word "Landmark." The Complaint includes no factual allegations establishing that "Landmark" is uniquely associated with Plaintiff or that it serves as a distinctive source identifier for Plaintiff's goods or services. Plaintiff does not claim to have registered the term, nor does it plead that the word has acquired secondary meaning in the marketplace. Moreover, the term "Landmark" is widely used, has multiple meanings and cannot be monopolized by any single entity. Here, "Landmark" is clearly a descriptive or generic term, and Plaintiff provides no basis to suggest that its use of the word rises to the level of protected trademark significance.

Plaintiff's allegations concerning Defendants' use of geotags, hashtags (e.g., "#CarnegieHall"), and social media posts sharing Plaintiff's public content should be dismissed. The Lanham Act permits truthful references to another's mark so long as they do not imply sponsorship or endorsement. *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 102–03 (2d Cir. 2010). Defendants did not use Plaintiff's name as a source identifier, nor did they suggest any affiliation. The alleged posts are classic nominative fair use and do not give rise to a Lanham Act claim. No reasonable consumer would believe herself to be inside the Plaintiff's concert halls while seated in the Defendants' restaurant enjoying a diner meal. The notion of confusion here is implausible. The elements of an unfair competition claim in New York largely mirror those under § 43(a) of the Lanham Act. *Kaplan, Inc. v. Yun*, 16 F. Supp.3d 341, 351 (S.D.N.Y.2014). For the same reasons, Plaintiff's claims for unfair competition should be dismissed.

### There is No Personal Jurisdiction over the Out-of-State Defendants.

Plaintiff fails to plead any factual basis for the Court to exercise personal jurisdiction over Plaintiff Carnegie Diner Secaucus LLC, a New Jersey LLC and Carnegie Diner Vienna LLC, a Virginia LLC, both only doing business in their states of formation. To exercise general personal jurisdiction over a foreign corporation under CPLR § 301, the defendant must be "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Trisura Ins. Co. v Bighorn Constr. and Reclamation, LLC*, 2025 WL 1531676, at *5 (SDNY May 28, 2025), *quoting Simonson v. Int'l Bank*, 14 N.Y.2d 281, 285 (1964). Nothing in Plaintiff's factual allegations supports a finding of these two entities' "presence" in New York. These out-of-state Defendants' members are not from New York and no specific conduct directed at New York sufficient to trigger long-arm jurisdiction under CPLR § 302 is pleaded. The Complaint fails to sufficiently plead that the out-of-state entities have "directly or indirectly targeted the New York market," or they derive substantial revenue from interstate commerce with any nexus to the forum state. The businesses are local, and any incidental contact with New York (e.g., via social media) does not constitute purposeful availment. *Boyce v. Cycle Spectrum, Inc.*, 148 F. Supp. 3d 256, 266 (E.D.N.Y. 2015). The Complaint's group pleading approach impermissibly lumps together distinct legal entities without distinguishing their contacts. Indeed, the fact that there are Carnegie Diner & Cafe locations in New York demonstrates why it would make no sense for Virginia and New Jersey outposts to be engaging New York. Accordingly, the claims against the out-of-state Defendants should also be dismissed for lack of personal jurisdiction.

Respectfully submitted,
PARDALIS & NOHAVICKA, LLP

By:    /s/*Eleni Melekou*
       Eleni Melekou