# KIRKLAND & ELLIS LLP

Shanti Sadtler Conway
To Call Writer Directly:
+1 212 446 5933
shanti.conway@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

September 5, 2025

**VIA ECF**

Hon. Naomi Reice Buchwald
District Judge, United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:    *The Carnegie Hall Corporation v. Carnegie Hospitality LLC, et al.*, Case No. 25-cv-04224-NRB – **Proposed Initial Discovery Plan**

Dear Judge Buchwald:

    We represent Plaintiff The Carnegie Hall Corporation ("Carnegie Hall") in the above-captioned action. Pursuant to this Court's directive during the September 4, 2025 telephonic conference, Carnegie Hall writes to provide an outline of discovery it would like to obtain from Defendants during the pendency of any motion to dismiss filed by Defendants.[1]

    On August 20, 2025, the parties met and conferred regarding case management items, including discovery, pursuant to Rule 26(f) and Rule 16(b) of the Federal Rules of Civil Procedure. Carnegie Hall served its initial disclosures, pursuant to Rule 26(a)(1)(C), on September 3, 2025, and Defendants served their initial disclosures on September 4, 2025.[2] On August 22, 2025, Carnegie Hall served on Defendants an initial set of Interrogatories, Requests for Production, and Requests for Admission.

    In the interest of streamlining and limiting discovery during the pendency of Defendants' forthcoming motion to dismiss, Carnegie Hall proposes the following initial discovery:

---

[1] Capitalized terms not defined herein are defined in Carnegie Hall's Complaint filed on May 20, 2025. (ECF No. 1.)

[2] Pursuant to Rule 26(a)(1)(C), and as agreed on by the parties during their August 20, 2025 conference, initial disclosures were due on September 3, 2025. Defendants did not provide an explanation for their late service, despite Carnegie Hall's request that they do so.

**KIRKLAND & ELLIS LLP**

Hon. Naomi Reice Buchwald
September 5, 2025
Page 2

- **Interrogatories:** Interrogatories pursuant to S.D.N.Y. Local Rule 33(d), seeking the identification of persons with relevant knowledge and key documents relating to Carnegie Hall's claims.

- **Requests for Production:** Requests for Production relating to the following categories:

    - Documents concerning Defendants' selection of the Infringing Marks, including but not limited to any inspiration for them that relates to Carnegie Hall (which are relevant to the likelihood of confusion);

    - Documents sufficient to show Defendants' knowledge of the CARNEGIE HALL Marks before Defendants selected the Infringing Marks (which are relevant to the likelihood of confusion);

    - Documents concerning Defendants' selection of all images of or relating to Carnegie Hall that have appeared in Defendants' Carnegie Diners, including but not limited to murals and posters (which are relevant to the likelihood of confusion);

    - Documents sufficient to show all images of or relating to Carnegie Hall that have appeared in Defendants' Carnegie Diners, including but not limited to murals and posters (which are relevant to the likelihood of confusion);

    - Documents sufficient to show any use by Defendants of the CARNEGIE HALL Marks, including but not limited to in advertisements and marketing materials (which are relevant to the likelihood of confusion);

    - Documents and communications relating to the specific social media posts shown in ¶¶76-79 of the Complaint, including but not limited to the source of the text and images associated with such posts, and Defendants' intent in publishing such posts (which are relevant to the likelihood of confusion);

    - Documents sufficient to show merchandise sold by Defendants bearing the Infringing Marks (which are relevant to the likelihood of confusion);

    - Documents concerning any actual or potential confusion as to sponsorship, endorsement, affiliation, or association between Carnegie Hall and the Carnegie Diners, including but not limited to any communications or inquiries from consumers, potential consumers, or others referencing Carnegie Hall (which are relevant to the likelihood of confusion and dilution);

**KIRKLAND & ELLIS LLP**

Hon. Naomi Reice Buchwald
September 5, 2025
Page 3

- All documents and communications Defendants have received relating to the Carnegie Diners which reference Carnegie Hall (which are relevant to likelihood of consumer confusion and dilution);

- Documents sufficient to identify any Carnegie Diner locations that Defendants plan to or are considering opening, including but not limited to the location of each restaurant and the anticipated opening date (which are relevant to the likelihood of confusion);

- Documents sufficient to show any plans by Defendants to use the Infringing Marks on any additional products or services other than restaurant services (which are relevant to the likelihood of confusion);

- Documents sufficient to show Defendants' revenues from the Carnegie Diners and related merchandise (which are relevant to determining disgorgement of Defendants' profits, which is a key remedy for Carnegie Hall's trademark infringement and dilution claims);

- Documents sufficient to show Defendants' corporate structure, including but not limited to the members of each LLC and the relationship between each Defendant (which are relevant to ensuring that the appropriate parties are in the case, as well as personal jurisdiction);

- Documents sufficient to show revenue that Defendant Carnegie Diner Secaucus, LLC has received from consumers who reside outside of New Jersey, and in particular consumers who reside in New York (which are relevant to personal jurisdiction);

- Documents sufficient to show revenue that Defendant Carnegie Diner Vienna LLC d/b/a Carnegie Diner has received from consumers who reside outside of Virginia, and in particular consumers who reside in New York (which are relevant to personal jurisdiction);

- Documents sufficient to show traffic to Defendants' websites, www.carnegiediner.com and www.carnegiehospitality.com, from (a) the United States, and (b) from New York (which are relevant to personal jurisdiction);

- Documents sufficient to show the number of consumers who have signed up for Defendants' "VIP" email list (as reflected on its website, www.carnegiediner.com), or other marketing updates, who (a) are located in

**KIRKLAND & ELLIS LLP**

Hon. Naomi Reice Buchwald
September 5, 2025
Page 4

the United States and (b) are located in New York (which are relevant to personal jurisdiction);

- Documents sufficient to show the geographic location of all users who have viewed, followed, commented on, or liked any of Defendants' social media accounts or posts concerning the Carnegie Diner restaurant locations in Seacaucus, New Jersey and/or Vienna, Virginia (which are relevant to personal jurisdiction); and

- Documents sufficient to show all advertising by Defendants of the Vienna, Virginia and Secaucus, New Jersey Carnegie Diners in or directed to New York, including but not limited to social media posts, menus, posters, or other digital or print materials, regardless of whether such materials are also directed to other geographic locations (which are relevant to personal jurisdiction).

Additional discovery would then be conducted, including but not limited to additional Requests for Production and Interrogatories, after the Court's decision on Defendants' forthcoming motion to dismiss.

Carnegie Hall thanks the Court for its time and attention to this matter.

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

*/s/ Shanti Sadtler Conway*
Shanti Sadtler Conway
*Attorney for Plaintiff*

CC: All counsel of record (via ECF)