> The Court approves the protective order proposed by plaintiff.
> SO ORDERED.
>
> *[signature]*
> NAOMI REICE BUCHWALD
> UNITED STATES DISTRICT JUDGE
>
> Dated: November 14, 2025

# KIRKLAND & ELLIS LLP

Joshua C. Berlowitz
To Call Writer Directly:
+1 646 444 9536
josh.berlowitz@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States
+1 212 446 4800
www.kirkland.com

**VIA ECF**

Honorable Naomi Reice Buchwald
U.S. District Court for the Southern District of New York

Re:   *The Carnegie Hall Corp. v. Carnegie Hospitality LLC et al.*, 25-cv-04224-NRB

Dear Judge Buchwald:

We represent Plaintiff The Carnegie Hall Corporation in the above-captioned action. On September 25, 2025, this Court directed the parties to comply with Carnegie Hall's proposed discovery plan. Dkt. 42, 34. The parties have negotiated the terms of a stipulated protective order, but there are three issues about which they could not reach agreement. Thus, we write jointly with counsel for Defendants to seek resolution of those disputes.

## I.   Carnegie Hall's Position

Defendants refuse to agree to terms allowing in-house counsel or retained experts to review documents designated Highly Confidential – Attorneys' Eyes Only ("AEO Documents"), and they insist on logging each disclosure of AEO Documents to authorized persons. Defendants' positions are untenable. For the reasons set forth below, Carnegie Hall respectfully requests that the Court overrule Defendants and enter Carnegie Hall's proposed protective order, attached as **Exhibit A**.

*First*, Carnegie Hall proposes a single designated in-house counsel to be allowed to review AEO Documents: Vera Zlatarski, Carnegie Hall's General Counsel. Where in-house counsel "fulfills a role essential to [] litigation strategy," courts routinely permit access to AEO Documents. *E.g.*, *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 84-85 (S.D.N.Y. 2015) (three in-house counsel). This is especially true where the designated in-house counsel is "not involved in competitive decision-making[, which] significantly limits the likelihood of inadvertent disclosure of sensitive material." *Jane St. Grp. v. Millennium Mgmt. LLC*, 2024 WL 2833114, at *2 (S.D.N.Y. June 3, 2024) (two in-house counsel). Defendants seem to agree that when an in-house counsel does not have a competitive decision-making role, the risk of inadvertent disclosure is minimal. Here, Ms. Zlatarski oversees and is essential to day-to-day litigation strategy, and is not involved in competitive decision-making regarding pricing, markets, and the like. Her role as General Counsel *favors* access, because the breadth of her legal duties does not allow her to participate in business minutiae. Thus, she should be granted access.

To vary from this routine access, Defendants must establish good cause. *See Multi-State P'ship for Prevention, LLC v. Kennedy*, 2024 WL 5146067, at *5 (E.D.N.Y. Dec. 17, 2024). They have not and cannot do so given the minimal risk of inadvertent disclosure. As Carnegie Hall repeatedly informed Defendants, the sole purpose of allowing access to Ms. Zlatarski is for her to assist in litigation strategy. Yet, Defendants stand on their objection that no in-house counsel should be permitted access at all. Because Carnegie Hall's need for in-house counsel to provide effective assistance in its litigation strategy outweighs Defendant's speculative concern of inadvertent disclosure, Carnegie Hall asks this Court to permit such review.

*Second*, the Parties' retained experts and jury consultants should be permitted to begin reviewing AEO Documents. Courts regularly grant experts and jury consultants access to AEO Documents if they agree to abide by the protective order. *E.g.*, *Global Refining Grp. v. Savage*

KIRKLAND & ELLIS LLP

*Software Grp.*, 2024 WL 515260, at *3 (S.D.N.Y. Feb. 9, 2024). Here, access to AEO Documents is necessary for Carnegie Hall's retained experts and jury consultants to assist it in developing its legal theories, and the protective order already provides that they must agree to abide by it. Defendants have not disputed these persons' essential roles in litigation. Rather, Defendants assert that it is premature to include a provision permitting access before disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2). This makes no sense. Rule 26(a)(2)(B) specifies disclosure "must be accompanied by a written report." By necessity, Carnegie Hall's experts will need access to AEO Documents before they can complete the reports that must accompany their disclosure. Defendants similarly accept the value of jury consultants, but claim disclosure must precede access. Courts, however, generally treat experts and jury and trial consultants the same when entering protective orders. *E.g.*, *IGT v. High 5 Games*, 2021 WL 1346061, at *3 (S.D.N.Y. Apr. 12, 2021). Because Defendants' objection is incongruous with their concession that experts and consultants will play essential roles in this litigation, it should be overruled.

*Third*, counsel should not be required to track every time an authorized person views AEO Documents. Defendants have identified no case imposing such an unnecessary and unorthodox burden. Instead, compliance with the protective order can be enforced by less burdensome means, such as requiring any recipients to acknowledge the protective order. *E.g.*, *Allstate Life Ins. Co. v. Mota*, 2022 WL 500914, at *3 (S.D.N.Y. Feb. 18, 2022). Carnegie Hall will ensure authorized persons sign acknowledgments, but Defendants' insistence that Carnegie Hall micromanage compliance adds burden without benefit, and should be rejected.

**II.     Defendants' Position**

In this pre-motion to dismiss matter, where the parties are exploring resolution, the Plaintiff presses discovery, seeking broad access while asserting it is now a direct competitor of Defendants and asserts that it intends to expand into the same business and market. Plaintiff's own representations heighten the need for strict limits on the disclosure of competitively sensitive materials. The law is clear that limiting disclosure of proprietary information to attorneys and experts is appropriate "particularly when there is some risk that a party might use the information to gain a competitive advantage." *ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.,* 2009 WL 105503, at 3 (S.D.N.Y. Jan. 14, 2009) (quotation omitted). Plaintiff's proposed order, however, would allow in-house counsel, undisclosed experts, and professional jury or trial consultants to access documents designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Defendants object to this expanded access.

Whether in-house counsel may access such material requires a fact-specific inquiry into the attorney's job duties and involvement in competitive decision-making. *U.S. Steel Corp. v. United States,* 730 F.2d 1465 (Fed. Cir. 1984). Courts in this District require individualized evaluation and do not authorize blanket access. *Travel Leaders Grp. Holdings, LLC v. Thomas,* 2024 WL 2058436, at 1 (S.D.N.Y. May 8, 2024). The fact that in-house counsel is bound by professional responsibility rules is ***not*** sufficient to overcome the risk of inadvertent use of confidential information in competitive decision-making. *Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.,* 1994 WL 177795, at 2 (S.D.N.Y. May 5, 1994) *citing Carpenter Tech. Corp. v. Armco, Inc.,* 132 F.R.D. 24 (E.D. Pa. 1990). Courts restrict access precisely to prevent business-side influence: "The purpose of this form of limited disclosure is to prevent a party from viewing

## KIRKLAND & ELLIS LLP

the sensitive information while nevertheless allowing the party's lawyers to litigate." *In re The City of New York,* 607 F.3d 923, 935–36 (2d Cir. 2010).

Plaintiff, by counsel, offers only an unadorned statement that its General Counsel "is not involved in competitive decision-making." That conclusory statement is insufficient. The General Counsel—by organizational role—is inherently situated in ongoing strategic dialogue. Where counsel "sits in the same room as those who are involved in competitive decision making," access to AEO material presents "an unacceptable opportunity for the inadvertent disclosure of confidential information." *Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.,* 2003 WL 1956214, at 5 (N.D.N.Y. Apr. 24, 2003). Under *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 85 (S.D.N.Y. 2015), While Plaintiff bears the heavy burden of demonstrating that the attorney does not participate in competitive decision-making, it has not done so. Nor has Plaintiff provided the attorney's current and reasonably foreseeable responsibilities to make that determination. This is a straightforward trademark case, not the type of complex technical action in which in-house counsel access has occasionally been proven necessary and thus permitted.

With respect to experts, Fed. R. Civ. P. 26(a)(2) requires disclosure *before* an expert receives confidential information, and Rule 37(c)(1) permits exclusion if those disclosures are not made. Courts require that experts execute acknowledgments and be timely disclosed before receiving AEO materials. *Samsung Display Co., Ltd. v. Solas Oled Ltd.,* 2021 WL 5154142 (S.D.N.Y. 2021); *Cuebiq Group, LLC v. Paedae, Inc.,* 2025 WL 1642955 (S.D.N.Y. 2025); *New York Times Co. v. Microsoft Corp.,* 2025 WL 1410658 (2025). Plaintiff's draft reverses this sequence by granting access to individuals merely labeled as "experts," without disclosure.

With respect to professional jury and trial consultants, courts permit such access **only** where structured procedural safeguards are followed. *Cuebiq Group, supra* requires that consultants: (1) execute confidentiality undertakings; (2) be disclosed in advance with a CV, employer identity, compensation history, and five-year litigation testimony history; and (3) be subject to a ten-day objection period and, if unresolved, motion practice. Under *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135 (S.D.N.Y. 1997), the objecting party bears the burden of demonstrating harm ***only after*** these disclosures are made. Plaintiff proposes none of these safeguards.

Plaintiff also opposes Defendants' proposed disclosure log, which simply records who receives AEO material, what was disclosed, when, and whether the acknowledgment was signed. The log is internal to Plaintiff's outside counsel and is not shared absent misuse. Where Plaintiff seeks to expand the number of individuals with access, a traceability mechanism is not only reasonable, but necessary.

Accordingly, Defendants request that any protective order exclude Plaintiff's in-house counsel, undisclosed experts, and professional jury or other consultants from accessing AEO and include disclosure log language.

### III.     Conclusion

The parties respectfully request that the Court enter an Order accepting one of the proposed protective orders, or, in the alternative, instructions on the dispute terms therein.

**KIRKLAND & ELLIS LLP**

Respectfully submitted,

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **PARDALIS & NOHAVICKA, LLP** |
| */s/ Joshua C. Berlowitz* | */s/ Eleni Melekou* |
| Joshua C. Berlowitz | Eleni Melekou |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

cc: Counsel of Record (via ECF)