**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

THE CARNEGIE HALL CORPORATION,

      Plaintiff,

      v.

CARNEGIE HOSPITALITY LLC,
CARNEGIE DINER 57 LLC D/B/A
CARNEGIE DINER & CAFÉ, CARNEGIE
DINER 828 LLC D/B/A CARNEGIE
DINER & CAFÉ, CARNEGIE DINER
SECAUCUS, LLC, CARNEGIE DINER
VIENNA LLC D/B/A CARNEGIE DINER,
and EFSTATHIOS ANTONAKOPOULOS.

      Defendants.

Case No.:  1:25-cv-04224-NRB-SN

---

### [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff The Carnegie Hall Corporation and Defendants Carnegie Hospitality LLC, Carnegie Diner 57 LLC d/b/a Carnegie Diner & Café, Carnegie Diner 828 LLC d/b/a Carnegie Diner & Café, Carnegie Diner Secaucus, LLC, Carnegie Diner Vienna LLC d/b/a Carnegie Diner, and Efstathios Antonakopoulos (together, "the Parties," and individually, a "Party") desire to obtain a protective order to prevent inappropriate dissemination or inappropriate disclosure of information and tangible things; which are believed to be confidential and proprietary by the holder thereof; and

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS HEREBY STIPULATED, subject to the Court's approval, that pursuant to Rule 26 of the Federal Rules of Civil Procedure, the following provisions apply to information and tangible

1

things in these proceedings.

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under applicable law.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2    "CONFIDENTIAL" Protected Material:  Protected Material (regardless of how it is generated, stored or maintained) that counsel determines, in good faith, contains information that is proprietary, a trade secret, or otherwise sensitive non-public information.

2.3    Designated House Counsel:  House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.  Each Party shall designate to the other Party no more than one (1) Designated House Counsel for purposes of addressing the claims, defenses, and issues in this litigation, in the event those claims are not settled.[1]

---

[1]    For the avoidance of doubt, any counsel designated for purposes of addressing the claims, defenses, and issues in this litigation may access documents or information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only after the Parties are

2.4     Designating Party: a Party or Non-Party that designates or that has a reasonable expectation of the right to designate Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material:  all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, and transcripts), that are produced, disclosed or used in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a field pertinent to the claims, defenses, or issues in this litigation, including but not limited to consumer confusion and damages calculation.  In addition to issues pertinent to this litigation, the Parties may retain an Expert for other subject matter requiring expert analysis, as mutually agreed upon by the Parties. Such person (1) has been retained by a Party to serve as an expert witness or as a consultant in this action (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: "Confidential Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of harm to the business interests of a Party that could not be avoided by less restrictive means, including but not limited to: materials including financial data and relating to revenues and costs, marketing strategies and expenditures, future business plans, and other strategic decision-making information.

2.8     House Counsel:  attorneys who are employees of a Party to this action employed to perform legal work as their role.  House Counsel does not include Outside Counsel of Record or

---

unable to settle this case during the December 2, 2025 settlement conference with Magistrate Judge Sarah Netburn (Dkt. 41).

any other counsel.

2.9     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys and law firms who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party (as well as their support staff).

2.11    <u>Party</u>:  any party to this action, including all of its officers, directors, employees (including House Counsel), and Outside Counsel of Record.

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Information</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    <u>Protected Material</u>:  any Protected Information; information copied or extracted from Protected Information; all copies, excerpts, summaries, or compilations of Protected Information; and any testimony, conversations, or presentations made by Parties that might reveal Protected Information.

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order do not extend to:

(a)    any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including through trial or otherwise, after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, another Court's Order, unlawful conduct, or a breach of a confidentiality obligation to the Designating Party;

(b)    any information that was independently developed without use of or reliance upon information produced by a Party to this action; or

(c)    information produced by the Party seeking to use or disclose the information.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice, including as a result of settlement of this Action; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Manner and Timing of Designations.  Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced in accordance with this Stipulated Protective Order, including in accordance with this Section and its subparts.

Designation in conformity with this Stipulated Protective Order requires:

(a)      for Protected Material in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party stamp or otherwise clearly mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  For Protected Material that is produced in native electronic format, the designation stamp or mark must be included in the file name and on any slipsheets when produced.

(b)      for testimony given in deposition or other pretrial hearing, that the Designating Party either: (1) identifies on the record, or (2) identifies, in writing, within 20 calendar days, or for as many days as the Parties shall otherwise agree, of the Designating Party's receipt of the final transcript from the court reporter, that portions of the transcript must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material must be stamped or otherwise clearly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page containing such Protected Material.  The Designating Party shall inform the court reporter of these requirements.  During the 20-day period for designation, Parties shall treat any transcript that

6

was not designated on the record pursuant to Section 5.2 as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety for a period of 20 calendar days of the Designating Party's receipt of the final transcript from the court reporter.  After the expiration of that period or of such earlier time that such portions of the transcript are designated, the relevant portions of the transcript will be treated only as actually designated.

(c)    for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed a stamp or other clear marking of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.2    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to designate or otherwise secure protection under this Stipulated Protective Order for such material.  In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production to the Receiving Party (the "Inadvertent Production Notice"), and thereafter such designated portion(s) of the Protected Material will be deemed to be, and treated as, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Stipulated Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any Party who, in good faith, objects to any designation of confidentiality may promptly serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection, with such notice being made no more than 30 days after the production of the materials so designated, or, if the 30-day deadline has lapsed, within 15 days of subsequently

developing a good faith basis to make such objection.  If the Parties cannot reach agreement within 21 calendar days after written notice, counsel for all Parties shall address their dispute to the Court in accordance with all relevant procedural rules over the dispute over designation of Protected Material.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles.

    (a)  A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

    (b)  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

    (c)  A Receiving Party must comply with the provisions of Section 12 below for the Duration of this Stipulated Protective Order.

    7.2    Disclosure of "CONFIDENTIAL" Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel, only if filed or submitted under seal and plainly and unambiguously identified as Protected Confidential materials.

(e)     court reporters who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     professional jury or trial consultants, including mock jurors, who have signed a confidentiality agreement and the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in the action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom disclosure is reasonably necessary;

(h)     the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(i)     any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

9

(a)     the Receiving Party's Counsel of Record in this action, as well as direct employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party's Designated House Counsel, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel, only if filed or submitted under seal and plainly and unambiguously identified as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

(e)     court reporters and their staff, only if filed or submitted under seal and plainly and unambiguously identified as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

(f)     professional jury or trial consultants, including mock jurors, who have signed a confidentiality agreement and the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(h)     any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     Disclosure During Depositions.  Whenever Protected Material is to be discussed or disclosed in a deposition, only Outside Counsel of Record and the Parties' House Counsel may attend for the period during which such Protected Material is to be discussed or disclosed. A Party's House Counsel's attendance at a deposition is solely as a party representative and does not afford House Counsel the authority to participate in the deposition by asking questions or making objections. In the event that the Protected Material contains "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials, only Outside Counsel of Record may attend or participate for the period during which such Protected Material is to be discussed or disclosed and House Counsel may not remain present for discussions and disclosures.

7.5     Disclosure During Hearings and Pre-Trial Proceedings.  Whenever Protected Material is to be discussed or disclosed in a hearing or pre-trial proceeding, the Designating Party may seek leave from the Court to exclude from the virtual or physical room any person, other than the persons or Parties authorized to review the Protected Material, for that portion of the hearing or pre-trial proceeding during which such Protected Material is to be discussed or disclosed.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order. No party to this litigation, their House Counsel or Outside Counsel of Record, or any receiver of materials designated as "CONFIDENTIAL" of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may request, seek, or otherwise induce any party to any other litigation to seek to notice

11

or compel the production of Protected Material from this litigation.  In other words, no other litigation may be used as a work around to avoid the protections negotiated under this agreement.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.  The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or 45(f).

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

Any discovery requests propounded to Non-Parties, including subpoena and deposition notices propounded to Non-Parties, must be accompanied by a copy of this Stipulated Protective Order.  The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession which is prohibited from disclosure pursuant to an

12

agreement between the Party and the Non-Party, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is prohibited from disclosure under a confidentiality agreement between the Party and Non-Party; and (b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation and the relevant discovery request(s).

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and require them to return or destroy all unauthorized copies of the Protected Material, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    MISCELLANEOUS

11.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek a modification by the Court in the future, or to seek sanctions, indemnification, damages or other relief from the Court as a result of disclosure by a Receiving Party of materials designated for protection under this Protective Order in a manner or respect that is outside the scope of disclosure authorized by this Protective Order.

11.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material.  In filing Protected Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Protected Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF").  The Parties shall simultaneously file under seal via ECF (with the appropriate level of restriction) an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted, and also submit to Chambers an unredacted copy by email.  The Parties must comply with all applicable individual rules of civil practice of the presiding judge.

11.4    Inadvertent Disclosure of Privileged Material.  If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

If a Disclosing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within 5 business days, return or destroy all copies of the Inadvertently Disclosed Information and provide written confirmation that all such information has been returned or destroyed.

Within 5 business days of written confirmation that such Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal and shall not assert as

a ground for entering such an Order the fact or circumstances of the inadvertent production.

The Disclosing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

12.  FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

Dated:  November 14, 2025

Respectfully submitted,

/s/  
Dale M. Cendali  
Shanti Sadtler Conway  
Jeremy C. King  
Sherwin J. Nam  
Joshua C. Berlowitz  
KIRKLAND & ELLIS LLP  
601 Lexington Avenue  
New York, NY 10022  
Telephone: (212) 446-4800  
dale.cendali@kirkland.com  
shanti.conway@kirkland.com  
jeremy.king@kirkland.com  
sherwin.nam@kirkland.com  
josh.berlowitz@kirkland.com  

*Attorneys for Plaintiff The Carnegie Hall Corporation*

/s/  
Eleni Melekou  
PARDALIS & NOHAVICKA, LLP  
950 Third Avenue, 11th Floor  
New York, NY 10022  
Telephone: (212) 213-8511  
eleni@pnlawyers.com  

*Attorneys for Defendants Carnegie Hospitality LLC, Carnegie Diner 57 LLC d/b/a Carnegie Diner & Café, Carnegie Diner 828 LLC d/b/a Carnegie Diner & Café, Carnegie Diner Secaucus, LLC, Carnegie Diner Vienna LLC d/b/a/ Carnegie Diner, and Efstathios Antonakopoulos*

**IT IS SO ORDERED**, this $\underline{14th}$ day of $\underline{\quad November \quad}$ 2025.

_____  
HON. NAOMI REICE BUCHWALD  
United States District Judge

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

THE CARNEGIE HALL CORPORATION,

         Plaintiff,

      v.

CARNEGIE HOSPITALITY LLC,
CARNEGIE DINER 57 LLC D/B/A
CARNEGIE DINER & CAFÉ, CARNEGIE
DINER 828 LLC D/B/A CARNEGIE
DINER & CAFÉ, CARNEGIE DINER
SECAUCUS, LLC, CARNEGIE DINER
VIENNA LLC D/B/A CARNEGIE DINER,
and EFSTATHIOS ANTONAKOPOULOS.

         Defendants.

Case No.:  1:25-cv-04224-NRB-SN

---

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE**
**BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Southern District of New York in the case of *The Carnegie Hall Corporation*

*v. Carnegie Hospitality LLC et al.* (Case No.:  1:25-cv-04224-NRB-SN).  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States

District Court for the Southern District of New York for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____

18